## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NAKEILA GOLDEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COOLING & WINTER LLC, a Georgia Limited Liability Company; MIDLAND FUNDING LLC, a Delaware Limited Liability Company; MIDLAND CREDIT MANAGEMENT INC, a Kansas Corporation; and ENCORE CAPITAL GROUP INC, a Delaware Corporation,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") AND GEORGIA'S FAIR BUSINESS PRACTICES ACT ("FBPA")**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") AND GEORGIA'S FAIR BUSINESS PRACTICES ACT ("FBPA")

COMES NOW Nakeila Golden, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act against MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC, and ENCORE CAPITAL GROUP INC and Georgia's Fair Business Practices Act against MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC, and ENCORE CAPITAL GROUP INC:

1

## Introduction

1.

Plaintiff Nakeila Golden, through her counsel, brings this action to challenge the acts of Defendants regarding their attempts to unlawfully, misleadingly, and abusively attempt to collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff believes that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## Jurisdiction and Venue

4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

("FBPA"), and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

5.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

6.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, and Defendant COOLING & WINTER LLC has its principal place of business within the State of Georgia.

7.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District, targeted Plaintiff who is a resident of this District, Defendant COOLING & WINTER LLC has a principal place of business within this District, and multiple Defendants' registered agents in Georgia are located within this District.

## PARTIES

8.

Plaintiff NAKEILA GOLDEN is a natural person who is a resident of Henry County, Georgia.

9.

COOLING & WINTER LLC ("COOLING") is a Limited Liability Company organized under the laws of the State of Georgia and does business within the State of Georgia, particularly within Henry County, Georgia, and Cobb County, Georgia.

10.

COOLING & WINTER LLC has a registered agent named CSC OF COBB COUNTY, INC. who has a physical address for service in Cobb County, Georgia, at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060, USA and a principal place of business at 1355 Roswell Rd., Marietta, GA, 30062.

11.

Defendant COOLING & WINTER LLC is in the business of debt collection.

12.

Defendant COOLING & WINTER LLC is a debt collector as it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

13.

Defendant COOLING & WINTER LLC is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14.

Defendant COOLING & WINTER LLC may be served through its Georgia registered agent, CSC OF COBB COUNTY, INC. at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060.   Defendant COOLING & WINTER LLC may also be served through a Member of the limited liability company, a manager of the limited liability company, or one of its attorneys at 1355 Roswell Rd., Marietta, GA, 30062.

15.

MIDLAND FUNDING LLC ("MIDLAND") is a Limited Liability Company organized under the laws of the State of Delaware and does business within the State of Georgia, particularly within Gwinnett County, Georgia, and Henry County, Georgia.

16.

MIDLAND FUNDING LLC has a registered agent named CORPORATION SERVICE COMPANY who has a physical address for service in Gwinnett County, Georgia, at 40 TECHNOLOGY PARKWAY SOUTHSUITE 300, NORCROSS, GA 30092 and a principal place of business at 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108, USA.

17.

Defendant MIDLAND FUNDING LLC is in the business of debt collection.

18.

Defendant MIDLAND FUNDING LLC is a debt collector as it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19.

Defendant MIDLAND FUNDING LLC may be served through its Georgia registered agent, CORPORATION SERVICE COMPANY at 40 TECHNOLOGY PARKWAY SOUTHSUITE 300, NORCROSS, GA 30092. Defendant MIDLAND FUNDING LLC may also be served through a Member of the limited liability company or a manager of the limited

liability company at its principal place of business located at 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108.

20.

MIDLAND CREDIT MANAGEMENT INC ("MCM") is a Corporation organized under the laws of the State of Kansas and does business within the State of Georgia, particularly within Henry County, Georgia.

21.

MIDLAND CREDIT MANAGEMENT INC has a registered agent named CORPORATION SERVICE COMPANY who has a physical address for service in Gwinnett County, Georgia, at 40 TECHNOLOGY PARKWAY SOUTHSUITE 300, NORCROSS, GA 30092 and a principal place of business at 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108, USA.

22.

Defendant MIDLAND CREDIT MANAGEMENT INC is in the business of debt collection.

23.

Defendant MIDLAND CREDIT MANAGEMENT INC is a debt collector as it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

24.

Defendant MIDLAND CREDIT MANAGEMENT INC is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25.

Defendant MIDLAND CREDIT MANAGEMNT INC may be served through its Georgia registered agent, CORPORATION SERVICE COMPANY at 40 TECHNOLOGY PARKWAY SOUTHSUITE 300, NORCROSS, GA 30092. Defendant MIDLAND CREDIT MANAGEMENT INC may also be served through an officer or director of the corporation at its principal place of business located at 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108.

26.

ENCORE CAPITAL GROUP INC ("ENCORE") is a Corporation organized under the laws of the State of Delaware and regularly does business within the State of Georgia.

27.

ENCORE CAPITAL GROUP INC has a registered agent named CORPORATION SERVICE COMPANY who has a physical address for service in New Castle County, Delaware, at 251 LITTLE FALLS DRIVE WILMINGTON, Wilmington, DE 19808, and a principal place of business at 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108, USA.

28.

Defendant ENCORE CAPITAL GROUP INC is in the business of debt collection.

29.

Defendant ENCORE CAPITAL GROUP INC is a debt collector as it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

30.

Defendant ENCORE CAPITAL GROUP INC is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

31.

Defendant ENCORE CAPITAL GROUP INC may be served through its registered agent, CORPORATION SERVICE COMPANY, who has a physical address for service in New Castle County, Delaware, at 251 LITTLE FALLS DRIVE WILMINGTON, Wilmington, DE 19808. Defendant MIDLAND CREDIT MANAGEMENT INC may also be served through an officer or director of the corporation at its principal place of business located at 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108.

32.

Defendant MIDLAND FUNDING LLC and Defendant MIDLAND CREDIT MANAGEMENT INC are wholly-owned subsidiaries of Defendant ENCORE CAPITAL GROUP INC, and all three of these defendants may be referred to from time to time in this Complaint as the "ENCORE Defendants."

**STANDING**

33.

Plaintiff has suffered an injury in fact as a result of Defendants' violations of the FDCPA.

34.

The injury caused by Defendants' FDCPA violations has affected Plaintiff in a personal and individual way.

35.

Specifically, Defendants' violations of the FDCPA have violated Plaintiff's statutory rights.

36.

Defendants' violations of the FDCPA have also caused Plaintiff to be injured in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend resources in the form of time and money, that would not have occurred but for Defendants' violations of the FDCPA.

37.

Plaintiff's injury caused by Defendants' violations of the FDCPA are concrete and actually exist.

38.

Defendants' violations of the FDCPA have resulted in an injury-in-fact that is particularized to Plaintiff because the FDCPA creates legal rights for Plaintiff that were invaded by Defendants' violations of the FDCPA.

39.

The FDCPA statutorily creates Plaintiff's right to true and accurate information as well as a private right of action to enforce this statutorily created right to be provided true and accurate information.

40.

The FDCPA's statutorily created rights go beyond the right to just information—these rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

41.

Plaintiff's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Plaintiff to better be able to evaluate any claims made against the Plaintiff by a debt collector, allowing Plaintiff to more efficiently and effectively determine the best course of action in attempting to resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

42.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through

the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

## FACTUAL BACKGROUND

### 43.

Plaintiff NAKEILA GOLDEN is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as she is a natural person who Defendants alleged was obligated to pay a consumer debt (the "Alleged Debt").

### 44.

Defendants have attempted to collect an Alleged Debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt are, according to Defendants' own documentation, for primarily personal, family, or household purposes.

### 45.

Specifically, Defendants have alleged that Plaintiff owes the Alleged Debt on a personal credit card.

### 46.

Defendants used instruments of interstate commerce in order to attempt to collect the alleged debt from Plaintiff, including the use of the United States Mail.

47.

The principal purpose of Defendants' businesses is the collection of debts, such as the Alleged Debt, or Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Filing A False, Misleading, and Deceptive Lawsuit*

48.

Defendants caused a lawsuit to be filed against Plaintiff in Henry County Magistrate Court, which became MIDLAND FUNDING LLC v. NAKEILA GOLDEN, Case No. 2017-4530CC, Henry County Magistrate Court, State of Georgia (the "Magistrate Lawsuit" or "State Lawsuit").

49.

Defendants, in the State Lawsuit, claimed Plaintiff was indebted to Defendant MIDLAND for a principal amount of $1,928.63.

50.

Defendants did not specify any amount of interest for the Alleged Debt.

51.

Attached to the State Lawsuit are two alleged account statements that indicate the Alleged Debt consists of both interest and principal.

52.

Upon information and belief, the State Lawsuit amount is a combination of both principal and interest, and Defendants' characterization of the total as "principal" is a materially false, misleading, and deceptive statement.

53.

Georgia law only allows the collection of post-judgment interest on the principal amount recovered in a judgment, not on the interest recovered in a judgment.  O.C.G.A. § 7-4-12.

54.

Nevertheless, Defendants purposefully pled the State Lawsuit to include only principal, and did not break out principal and interest, in order to try and collect more post-judgment interest than they would if they separated interest and principal.

55.

In addition, Defendant MIDLAND, the plaintiff in the State Lawsuit, is not the real party in interest to the Alleged Debt but nevertheless Defendants caused a lawsuit to be filed in Defendant MIDLAND's name knowing it did not have the right to collect on the Alleged Debt under Georgia law.

*Plaintiff's Filing Of An Appeal To Henry County Superior Court*

56.

Despite Defendants presenting no evidence, and no witness, at trial in Henry County Magistrate Court, the court entered a judgment in favor of Defendant MIDLAND and against Plaintiff Golden in the amount of $1,928.63 on February 26, 2018 (the "Magistrate Judgment").

57.

The Magistrate Judgment did not award interest, attorney's fees, or court costs to Defendant MIDLAND.

58.

Plaintiff appealed the Magistrate Judgment to the Henry County Superior Court by filing a Notice of Appeal on March 8, 2018.

59.

Plaintiff's legal counsel entered his appearance on March 8, 2018.

60.

A copy of the notice of appeal and entry of appearance was sent to Defendant COOLING, legal representative for Defendant MIDLAND and the Encore Defendants, on March 7, 2018, through the United States Postal Service.

61.

An appeal from a Georgia magistrate court to a superior court is a de novo appeal.  O.C.G.A. § 5-3-29.

62.

Under Georgia case law, "[t]he filing of the de novo appeal in superior court has the same effect 'as if it had been commenced originally in the superior court.'" *Long v. Greenwood Homes, Inc.*, 285 Ga. 560, 679 S.E.2d 712, 714 (2009) (citing *Fagan v. McTier*, 81 Ga. 73, 75, 6 S.E. 177 (1888)).

63.

The State Lawsuit became MIDLAND FUNDING LLC v. NAKEILA GOLDEN, Case No. SUCV2018000779, Henry County Superior Court, State of Georgia (the "Magistrate Lawsuit" or "State Lawsuit").

64.

The State Lawsuit is still pending at the time of the drafting of this Complaint.

*Direct Communication With A Represented Consumer And False Statements*
*In The Demand Letter*

65.

Defendant COOLING, on behalf of Defendant MIDLAND and the other ENCORE Defendants, sent a letter dated March 16, 2018, directly to Plaintiff in an attempt to collect the Alleged Debt (the "Collection Letter").

66.

Defendants knew that Plaintiff was represented by legal counsel by March 16, 2018.

67.

Defendants could reasonably have known Plaintiff was represented by legal counsel by March 16, 2018.

68.

Defendants constructively knew that Plaintiff was represented by legal counsel on March 16, 2018.

69.

Defendant COOLING did not perform meaningful attorney review of the Collection Letter prior to its being mailed directly to Plaintiff.

70.

No Defendants performed meaningful review of the Collection Letter prior to it being mailed to Plaintiff.

71.

The Collection Letter does not list an attorney at Defendant COOLING as the signatory of the letter.

72.

The Collection Letter claims the Alleged Debt has a balance of $2,037.27.

73.

The Magistrate Judgment was for the amount of $1,928.63, not $2,037.27.

74.

The Collection Letter states that "the Court awarded our client a Judgment against you," although by March 16, 2018, the judgment had been rendered moot by Plaintiff's appeal to Henry County Superior Court.

75.

The Collection Letter further states that "[a] recorded judgment may create a lien or allow for wages/accounts to be garnished," despite the judgment being rendered moot by Plaintiff's appeal to Henry County Superior Court.

76.

Defendants did not review the Henry County Magistrate Court's docket for the State Lawsuit prior to the mailing of the Collection Letter.

77.

Defendants did not review a copy of the Magistrate Judgment prior to the mailing of the Collection Letter.

*Plaintiff's Damages Suffered As A Result Of Defendants' Actions In Violation Of The FDCPA*

78.

Defendants engaged in routine, purposefully, intentional, and knowing violations of the FDCPA by seeking an improper and illegal amount in the State Lawsuit, by filing a lawsuit that it had no right to file, and by directly communicating with a consumer represented by legal counsel through a Collection Letter which made materially false, misleading, and deceptive statements.

79.

Defendants' actions caused Plaintiff to suffer damages in the form of stress, anxiety, and emotional distress relating to Defendants' actions in violation of the FDCPA, as well as damages in the form of attorneys' fees

and court costs to appeal and defend the State Lawsuit and its false, misleading, improper, and illegal claims.

## RESPONDEAT SUPERIOR

80.

The acts and omissions of Defendants' employees who acted as agents for Defendants as described herein, were committed within the time and space limits of their agency relationship with their respective principals, Defendants.

81.

The acts and omissions of Defendant COOLING and its employees or agents who acted as the agents for the ENCORE Defendants as described herein, were committed within the time and space limits of their agency relationship with their respective principals, the ENCORE Defendants.

82.

The acts and omissions of Defendant MCM, its employees who acted as agents for Defendant MIDLAND and Defendant ENCORE as described herein, were committed within the time and space limits of their agency relationship with their respective principals, Defendant MIDLAND and Defendant ENCORE.

83.

The acts and omissions of Defendant MIDLAND and Defendant MCM, and their employees or agents, who acted as agents for Defendant ENCORE as described herein, were committed within the time and space limits of their agency relationship with their respective principal, Defendant ENCORE.

84.

The acts and omissions by Defendants' employees who acted as agents for Defendants were incidental to, or of the same general nature as the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

85.

By committing these acts and omissions against Plaintiffs, Defendants' employees and agents were motivated to benefit their respective principals, Defendants.

86.

Defendants are therefore liable to Plaintiffs through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their respective employees or agents.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA by Defendants)

87.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88.

Based on information and belief, Defendant MIDLAND and Defendant MCM have violated the Fair Debt Collection Practices Act ("FDCPA").

## COUNT 1

*Defendants' FDCPA Violations In Seeking Interest As Principal*

89.

Georgia law only allows post-judgment interest to accrue on principal, not interest.  O.C.G.A. § 7-4-12(a).

90.

Defendants' State Lawsuit against Plaintiff seeks a single amount in "Principal" from Plaintiff, but fails to break this amount down into interest and principal.

91.

Upon information and belief, Defendants' claim in the State Lawsuit includes both interest and principal.

92.

Defendants did not break their claimed amount into interest and principal in order to increase the potential amount they will collect in post-judgment interest by obtaining an order that includes interest as principal so they can obtain post-judgment interest on interest in violation of Georgia law.

93.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

94.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2).

95.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

96.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1).

97.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the State Lawsuit, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

98.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000 for each Defendant, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court

costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## COUNT 2

*Defendants' FDCPA Violations By Filing A Lawsuit On An Alleged Debt Defendants Had No Right To Collect Upon*

99.

Defendants caused the State Lawsuit to be filed against Plaintiff in the name of Defendant MIDLAND.

100.

Plaintiff has never had an account with Defendant MIDLAND to the best of her knowledge, and Defendant MIDLAND is not the real party in interest to bring a lawsuit on the Alleged Debt.

101.

In short, the State Lawsuit that Defendants brought against Plaintiff is materially false, misleading, and deceptive, as well as an unfair and unconscionable means of attempting to collect a debt, as Defendants are seeking to collect an alleged debt to which they have not rights under Georgia law.

102.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in

connection with the collection of any debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

103.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

104.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the State Lawsuit, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

105.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000 for each Defendant, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

<u>COUNT 3</u>

*Defendant's FDCPA Violations By Directly Contacting A Represented Party*

106.

Defendants directly contacted Plaintiff with a demand for payment for the Alleged Debt.

107.

Defendants' direct communication with Plaintiff was done despite Plaintiff being represented by legal counsel, and Defendants either knew or should have known that Plaintiff was represented by legal counsel.

108.

Defendant's actions in directly communicating with Plaintiff despite Plaintiff being represented by legal counsel caused Plaintiff to suffer actual damages.

109.

Defendant's actions are in violation of the FDCPA's prohibition against debt collectors such as Defendant directly communicating with consumers represented by attorneys.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2).

110.

Defendant's actions have caused Plaintiff anxiety and stress, as well as emotional distress, since Plaintiff believed she had legal representation dealing with the Alleged Debt already, having incurred legal fees to obtain said legal representation, and Defendant's FDCPA violations have therefore resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

111.

Defendant is liable to Plaintiff for statutory damages of up to the maximum of $1,000 for each Defendant, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## *COUNT 4*

*Defendant's FDCPA Violations By Making False Claims In The Collection Letter*

112.

The Collection Letter claims a judgment was entered against Plaintiff in the amount of $2,037.27.

113.

The Magistrate Judgment in the State Lawsuit was not for $2,037.27, but was rather for $1,928.63.

114.

Further, at the time the letter was dated, the Magistrate Judgment was rendered moot and effectively void by Plaintiff's de novo appeal to Henry County Superior Court.

115.

Nevertheless, Defendants threatened to take legal actions in the Collection Letter that they were not legally capable of taking, such as placing a lien on Plaintiff's properties or filing a garnishment against Plaintiff.

116.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

117.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount,

or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2).

118.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(3) by implying that the Collection Letter was from an attorney, when it was not from an attorney, by sending the Collection Letter on law firm letterhead and signing it "Cooling & Winter LLC," the name of the law firm. Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(3).

119.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(5) by "threat[ening] to take any action that cannot legally be taken . . . ."  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5).

120.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

121.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee,

charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1).

122.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the State Lawsuit, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

123.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000 for each Defendant, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

[THIS SPACE LEFT INTENTIONALLY BLANK.]

[SECOND CAUSE OF ACTION BEGINS ON FOLLOWING PAGE.]

## SECOND CAUSE OF ACTION
## (Violations of Georgia's Fair Business Practices Act by the ENCORE Defendants)

### *COUNT 5*
*Violations of Georgia's FBPA – Legal Remedy and Damages*

124.

Based on the foregoing, the ENCORE Defendants have violated Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq*.

125.

The ENCORE Defendants' actions constitute unfair or deceptive acts or practices in the conduct of consumer transactions in trade or commerce and therefore violate Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

126.

The ENCORE Defendants' actions violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., as detailed above.

127.

Courts have recognized that violations of the Fair Debt Collection Practices Act ("FDCPA") are also violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq.  *See 1ST Nationwide Collection*

*Agency v. Werner*, 288 Ga. App. 457, 458-60, 654 S.E.2d 428, 430-31 (2007).

128.

The ENCORE Defendants' actions in violation of the FDCPA, and therefore in violation of Georgia's FBPA, were intentional in nature and part of a business model designed to collect debts based on false, misleading, deceptive, unfair, unconscionable, abusive, harassing, and oppressive collection practices.

129.

Defendant MIDLAND FUNDING LLC does not maintain a place of business and does not keep assets within the State of Georgia, and therefore the requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's claims against Defendant MIDLAND FUNDING LLC in this lawsuit.

130.

Defendant MIDLAND CREDIT MANAGEMENT INC does not maintain a place of business and does not keep assets within the State of Georgia, and therefore the requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's claims against Defendant MIDLAND CREDIT MANAGEMENT INC in this lawsuit.

131.

Defendant ENCORE CAPITAL GROUP INC does not maintain a place of business and does not keep assets within the State of Georgia, and therefore the requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's claims against Defendant ENCORE CAPITAL GROUP INC in this lawsuit.

132.

Plaintiff seeks actual damages from the ENCORE Defendants for the mental and emotional distress caused by Defendants' actions in violation of the FDCPA and Georgia's FBPA, as well as other actual damages that may be shown with more particularity at a later date. O.C.G.A. § 10-1-399(a).

133.

Plaintiff seeks exemplary damages, in the form of three times actual damages, against the ENCORE Defendants for their intentional and purposeful actions in attempting to collect the Alleged Debt in violation of Georgia's Fair Business Practices Act.  O.C.G.A. § 10-1-399(c).

134.

Plaintiff further seeks full recovery of reasonable attorney's fees and costs for this action in accordance with O.C.G.A. § 10-1-399(d).

## FOURTH CAUSE OF ACTION
### (Punitive Damages Against The ENCORE Defendants)

135.

Upon information and belief, Plaintiff alleges that the ENCORE Defendants and their agents acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the consequences of its actions, entitling Plaintiff to an award of punitive damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT 6
*Punitive Damages Under Georgia's FBPA*

136.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(c) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq.

137.

Plaintiff alleges that the ENCORE Defendants' continued actions are intentional in nature and requests that this Court award Plaintiff exemplary damages in the amount of three times any actual damages awarded to Plaintiff pursuant to O.C.G.A. § 10-1-399(c).

## JURY DEMAND

138.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)     Find all Defendants liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2)     Award Plaintiff the full $1,000 statutory damages for each Defendants' FDCPA violations;

(3)     Award Plaintiff actual damages in an amount to be shown with more particularity at a later date, but which includes the court costs and attorneys' fees incurred by Plaintiff in the State Lawsuit;

(4)     Find the Defendant MIDLAND FUNDING LLC, Defendant MIDLAND CREDIT MANAGEMENT INC, and Defendant ENCORE CAPITAL GROUP INC liable for actual damages in an amount to be shown with more particularity at a later date for their violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(5)     Find Defendant MIDLAND FUNDING LLC, Defendant MIDLAND CREDIT MANAGEMENT INC, and Defendant ENCORE CAPITAL GROUP INC liable for exemplary damages in the amount of three times actual damages for their violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(6)     Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(7)     Award Plaintiff reasonable attorney's fees and costs in

accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for Defendant MIDLAND FUNDING LLC, Defendant MIDLAND CREDIT MANAGEMENT INC, and Defendant ENCORE CAPITAL GROUP INC's violations of Georgia's Fair Business Practices Act;

(8)   Award Plaintiff the reasonable costs of this action;

(9)   Award Plaintiff other expenses of litigation;

(10)  Grant Plaintiff such other and additional relief as the Court deems just and equitable.


Respectfully submitted this <u>7 June 2018</u>.

<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**     7 June 2018

<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765